# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TAMITRA DIXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. 16-2375 (RJL) |
| | ) | |
| SMITH STATE PRISON, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

**FEB - 2 2017**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
### (February 2, 2017) [Dkt. # 1]

Plaintiff Tamitra Dixon ("Dixon" or "plaintiff"), who is proceeding *pro se*, filed a complaint in December 2016 against Smith State Prison in Glennville, Georgia. For the reasons stated below, I will dismiss plaintiff's action for lack of subject-matter jurisdiction.

Federal Rule of Civil Procedure 12(h)(3) states that a court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction," and the law of this circuit clearly states that a court may order such a dismissal *sua sponte*. *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010).

As an initial matter, Dixon's complaint fails to include the "short and plain statement of the grounds for the court's jurisdiction" that is required by Federal Rule of Civil Procedure 8(a). More importantly, her substantive allegations "constitute the sort

of patently insubstantial claims" that deprive the Court of subject-matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1009–10 (D.C. Cir. 2009).   Plaintiff's complaint is neither clear nor coherent, but she appears to allege that a group of former coworkers at Smith State Prison (as well as employees of the McIntosh County Sheriff's Department and the Gateway Behavior Health Service) have conspired to ruin her life and have, *inter alia*, repeatedly harassed, wiretapped, and drugged her and her family members. Although I am mindful that complaints filed by *pro se* litigants are subject to a less demanding standard than documents filed by lawyers, *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (citation omitted), Ms. Dixon's allegations are so fantastic, if not nonsensical, that they are "essentially fictitious," and thus present "no federal question suitable for decision" that would give this Court subject-matter jurisdiction.   *Tooley*, 586 F.3d at 1009 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Plaintiff's action is therefore dismissed *sua sponte* for lack of subject-matter jurisdiction.   An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

2